# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

GLOBAL ONE FINANCIAL, INC.,  :
                             :
    Plaintiff,           :
                             :
v.                           :  CIVIL ACTION NO.
                             :  1:07-CV-1004-JOF
BACK PAIN INSTITUTE OF       :
CLEVELAND, LLC, et al.,      :
                             :
    Defendants.          :

## OPINION AND ORDER

The instant breach of promissory note and security agreement matter is before the court on Plaintiff Global One Financial, Inc.'s Motion to Compel [25]. On June 10, 2008, this court entered an order granting default judgment against Defendant Bank Pain Institute of Cleveland, LLC. The court noted that claims were still pending against individual Defendants Mark and Sonya Jennings. On August 18, 2008, this court entered an order which stayed this matter because Defendants Mark and Sonya Jennings were involved in bankruptcy court. The court directed the Clerk of Court to mark the instant case closed for statistical purposes. The order stated that the case would be restored to the trial docket for final disposition "upon motion of a party if circumstances change." No party has moved the

court to reopen this matter or has informed the court about the status of the Jennings' bankruptcy.

Plaintiff filed the instant motion to compel and motion for payment of expenses on February 23, 2009. Plaintiff's motion asked the court to compel Defendant Bank Pain Institute of Cleveland, LLC, to respond to its post-judgment discovery issued on December 18, 2008. Although Plaintiff's motion to compel did not address the stay ordered in this case in August 2008, the court must consider it before proceeding to Plaintiff's motion. According to the court's docket, only Mark R. Jennings and Sonya Jennings filed for bankruptcy. Under bankruptcy law, "[e]xtension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances." *See*, *e.g.*, *Sav-A-Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (noting such circumstances could include "a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case"). The automatic stay does not extend to third-party defendants "even if they are in a similar legal or factual nexus with the debtor." *See Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991).

However, a stay could extend to third-party defendants under circumstances which include "where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-

2

party defendant will in effect be a judgment against or finding against the debtor." *See Reliance Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quotation and citation omitted). Here, according to the allegations in the complaint, the Jennings are the sole members, officers and directors of Back Pain LLC. Because of this, the court finds that any collections actions against Back Pain LLC could, in effect, be a collection against the Jennings Debtors. Because Plaintiff's motion did not address the current status of the Jennings bankruptcy, the court DENIES WITH LEAVE TO RENEW Plaintiff's motion to compel [25].

**IT IS SO ORDERED** this 17th day of August 2009.

                                                        /s J. Owen Forrester
                                                          J. OWEN FORRESTER
                        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)

AO 72A
(Rev.8/82)